IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY FLORIDA
CIVIL DIVISION

ROLAND PIER,

    Plaintiff,

v.

    Case Number 13-02837CI-15

BRIGHT HOUSE NETWORKS, LLC.

    Defendant.

_____/

## COMPLAINT

1. The Plaintiff, through the undersigned counsel, pursuant to Title 29 of the United States Code Chapter 18 Section 1132(c), sues Defendant, ("Defendant") and further alleges as follows:

2. Plaintiff is a resident of Pinellas County, Florida.

3. Defendant is a foreign for profit corporation doing business in among others, Pinellas County, Florida.

4. The Court has jurisdiction over Plaintiff's claims.

5. This civil action is premised upon violations of the Family and Medical Leave Act.

6. Plaintiff was employed by Defendant for approximately seven and one-half years. Plaintiff was terminated by Defendant on or about December 21, 2012. Defendant's termination of Plaintiff's employment with Defendant is a qualifying event under the law. Defendant is an employer as defined by the FMLA.

13-002837-CI
COMP
COMPLAINT
11859

7. Plaintiff was qualified for FMLA leave during his employment with Defendant on three occasions, the most recent of which began on October 20, 2012.

8. During Plaintiff's employment with Defendant, Plaintiff was an employee in good standing up through and until such time as Plaintiff was terminated by Defendant.

9. Plaintiff advised Defendant of his continued need to provide medical care and treatment for an immediate family relative on or about October 3, 2012 and October 10, 2012 and submitted a certification form in that regard.

10. Subsequently, Defendant placed Plaintiff on FMLA leave.

11. During the course of Plaintiff's use of FMLA leave, which was intermittent in nature, Defendant began to harass and retaliate against Plaintiff in the following ways: (1) refusing to allow Plaintiff to apply for intra-company transfers **and** 2) withholding of commissions.

12. Plaintiff kept Defendant duly advised of his FMLA needs and responded to any questions posed by Defendant regarding his use of FMLA time.

13. Plaintiff was a satisfactory employee of Defendant and Plaintiff did not have any reason to believe that his termination was imminent prior to Plaintiff seeking to use FMLA on an intermittent basis.

14. Mindful of his obligations to his employer and the limited nature of the FMLA that Plaintiff had been granted, Plaintiff made inquiries into the status of his leave and, in particular, Plaintiff requested an accounting of his use of FMLA time and Defendant flatly denied providing Plaintiff with said accounting.

15. During Plaintiff's employment and, in particular during Plaintiff's above referenced period of FMLA leave, Defendant did not advise or otherwise indicate to Plaintiff that Plaintiff's employment was in danger or that Plaintiff was at risk of losing his job. Defendant's given reason for termination Plaintiff was but a pretext.

### THE FMLA

16. Plaintiff re-alleges and incorporates paragraphs one through fifteen as if stated fully herein.

17. During the course and scope of his employment, Plaintiff required FMLA to care for an immediate family member, his mother, who suffered from a serious medical condition that required Plaintiff to take FMLA leave as necessary.

18. Plaintiff was entitled to Family and Medical Leave Act leave. Defendant is a qualified employer under the FMLA.

19. Defendant was notified of the necessary medical care and treatment associated with the FMLA leave, ultimately approving said leave.

20. Subsequently, Defendant interfered against Plaintiff for using FMLA leave and terminated Plaintiff on 12/21/2012.

21. This action is brought pursuant to the Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§ 2601-2654 to obtain relief for denial of benefits and termination from employment in violation of the Family and Medical Leave Act. Plaintiff was entitled to Family and Medical Leave Act leave with this employer. Plaintiff was approved. However, Defendant refused to restore Plaintiff to his previous position.

22. The Family and Medical Leave Act requires qualifying employers to provide a 12 week period of unpaid medical leave to employees who have worked for more than 1250 hours in the preceding 12 months. Covered employers are prohibited from denying, interfering with or taking retaliatory measures in connection with an employee's rights under the Family and Medical Leave Act.

23. Defendant effectively interfered with and denied Plaintiff Family and Medical Leave Act rights by terminating Plaintiff while he was on FMLA leave. Defendant intentionally and willfully interfered with Plaintiff's Family and Medical Leave Act rights, by failing to properly notify and terminating his employment. Defendant denied Plaintiff an opportunity to use the full measure of FMLA leave available to Plaintiff.

24. Plaintiff has suffered damages as a result of Defendant's actions, including but not limited to back pay, front pay, costs, attorneys fees and liquidated damages.

WHEREFORE, Plaintiff demands judgment for damages against Defendant together with back pay, front pay, reinstatement, interest, liquidated damages, costs and attorneys fees. Defendant demands trial by jury.

I hereby swear under penalty of perjury that the factual statements set forth above are true and accurate.

_Roland Pier_  03/04/2013

Roland Pier

DATED this ___4___th day of March 2013

_W. John Gadd_

_/s/ W. John Gadd_

W. John Gadd
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email –wjg@mazgadd.com